UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
PETER FREEMAN and BIONCA FREEMAN

       Plaintiffs,

-against-

TUAN ANH NGUYEN and NGA TUYETA NGUYEN,

       Defendants.
------------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 15 2014 ★
BROOKLYN OFFICE

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
13-CV-0832 (CBA)(JMA)

**AMON, Chief United States District Judge.**

On February 14, 2013, plaintiffs Peter Freeman and Bionca Freeman commenced this action against Tuan Anh Nguyen and Nga Tuyeta Nguyen, alleging that Peter Freeman was injured as the result of a car accident with Tuan Nguyen, who was driving Nga Nguyen's vehicle at the time. (Compl. ¶¶ 1-4.) Plaintiffs seek damages for the injuries, medical expenses, and loss of income that resulted, as well as loss of consortium. (Id. ¶¶ 4, 8.) On October 29, 2013, plaintiffs requested an entry of default due to defendants' failure to appear in the action, and the Clerk entered default on November 5, 2013. (Docket Entry ("D.E.") # 10, 11.) Plaintiffs moved for default judgment on December 4, 2013. (D.E. # 12.)

This Court subsequently referred the motion to Magistrate Judge Joan M. Azrack for report and recommendation. On May 20, 2014, Magistrate Judge Azrack issued a Report and Recommendation ("R&R") recommending that the Court (1) deny plaintiffs' motion for default judgment against Nga Nguyen and dismiss the action against her without prejudice due to plaintiffs' failure to properly serve her; and (2) grant plaintiffs' motion for default judgment against Tuan Nguyen on the issue of liability.

No party has objected to the R&R, and the time for doing so has passed. When deciding whether to adopt a report and recommendation, a district court "may accept, reject, or modify, in

1

whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks and citation omitted).

The Court has reviewed the record and finds no clear error in Magistrate Judge Azrack's recommendation that the Court deny the motion for default judgment with respect to Nga Nguyen, and dismiss the action against her. Moreover, in light of the fact that the plaintiffs' well-pleaded allegations establish Tuan Nguyen's liability for negligence, the Court finds no clear error in the recommendation that the motion for default judgment be granted as to him.[1] The Clerk of Court is directed to enter default judgment against Tuan Nguyen on the issue of liability and dismiss the action against Nga Nguyen without prejudice.

SO ORDERED.

Dated: Brooklyn, New York
September 12, 2014

s/Carol Bagley Amon

Carol Bagley Amon
Chief United States District Judge

---

[1] The issue of the amount of monetary damages to which the plaintiffs are entitled based on Tuan Nguyen's negligence is still outstanding. Magistrate Judge Azrack held an inquest on damages on July 15, 2014, (D.E. # 18), and plaintiffs submitted a post-hearing brief regarding damages on August 15, 2014, (D.E. # 19).

2